ELLIS, Judge,
concurring:
For a period of twenty-eight months, from December 1, 1948 until March 31, 1951, plaintiff, Dominic J. Graphia was a member of the Louisiana State Police, and made regular contributions to the State Police Retirement Fund. After resigning from the State Police, he withdrew his contributions from the retirement fund on May 4, 1951.
On October 6, 1962, plaintiff became a deputy sheriff in East Baton Rouge Parish, and since that time, has been a member of and made regular contributions to the Sheriffs’ Pension and Relief Fund.
In 1972, the Legislature adopted R.S. 42:697, which reads, in part, as follows:
The following provisions shall apply to transfers between state, municipal or parochial retirement systems:
A. A member of any state, municipal or parochial retirement system shall have the option of transferring retirement service credit to any other state, municipal or parochial retirement system for which he meets eligibility requirements for membership, upon approval of both boards of trustees to such transfer and in accordance with the provisions of this section, provided that transfers under the provisions of this section shall involve service credit only.
B. The service credit transferred under the provisions of this section together with all future service credit earned by the member shall be used as creditable service for regular retirement, disability retirement and survivor’s benefits for eligibility in all systems.
C. The board of trustees of the retirement system making the transfer shall certify to the board of trustees of the retirement system accepting the transfer that it will pay its proportionate share of any future service or regular retirement, disability retirement or survivor’s benefits earned by the transferring member.
D.Each of the retirement systems shall retain and maintain all contributions and liabilities for service performed by the transferring member while in that retirement system. The retirement system making the transfer shall issue a statement of service listing the transferred member’s creditable service to the retirement system accepting the transfer. The Legislature also in 1972 passed R.S.
42:697.2 which provided:
§ 697.2. Reestablishment and transfer of credit cancelled by refund
A member of any state, parochial or municipal retirement system having two years’ credit in said system shall have the right to repay a refund from any other state, parochial or municipal retirement system. Each board of trustees shall have the right to negotiate the manner in which repayment shall be made, the amount of interest, if any, to be paid, and the method by which the refunded service shall be reestablished and transferred.
The above provisions would permit a member of a state retirement system who had withdrawn from another state retirement system to repay to the latter system the amount withdrawn, plus interest as agreed, and thereby reestablish his standing with that system. He could then have this service credit transferred to his own system, where it would be used, in conjunction with other service credit earned, in computing the benefits to which the member would be entitled upon retirement.
On March 3, 1975, plaintiff wrote to the Sheriffs’ Fund requesting that his service with the State Police be transferred to the Sheriffs’ Fund. On April 8, 1975, the Sheriffs’ Fund replied that it would accept a transfer of his service with the State Police, with the following proviso:
However, in no way, will the Sheriffs Pension & Relief Fund pay for any time other than eligible time in our Fund. Any benefits for which you may be eligible as a participant in the State Police pension plan will be paid by that plan.
*1318 Plaintiff testified that he wrote the State Police Fund about making the repayment but did not make the repayment or a tender thereof. No further action was taken by any of the parties relative to the request for transfer.
In 1975, the Legislature amended R.S. 42:697 to read as follows:
A. Any member of any state, municipal, or parochial public retirement system shall have the option of transferring to any other state, municipal, or parochial public retirement system for which his employment makes him eligible for membership, upon approval of both boards of trustees.
B. In addition to credit for service which the law governing the system to which he transfers provides that he shall be entitled to receive in the system to which he transfers, the transferring member shall receive credit in the system to which he transfers for all service rendered by him, whether regular service, prior service, military service, or other service, for which he had credit in the system from which he transferred. He shall receive this credit notwithstanding that under the law governing the system to which he transfers he is ineligible to receive credit for any or all of the service rendered, except as provided in Section E below.
C. The system from which the member transfers shall transfer to the system to which he transfers all employee contributions, employer contributions, or other funds, which the employee or employer has contributed or which actuarially figuring stands to or for the credit of the transferring member.
D. After the date on which the transfer is completed the system from which the member transfers shall have no liability whatsoever with respect to the transferring member, and the system to which he transfers shall assume all liability with respect to him.
E. A transferred member must comply with the requirements of the system which has the highest age and years of service requirements to be eligible for a retirement benefit whether these requirements be those of the system from which he transferred or those of the system or systems to which he transferred. If employee or employer contributions being transferred are less than the contributions that would have been payable had the same earnings occurred as a member of the new system, the member must pay the difference plus five percent interest per annum.
In addition, each board of trustees shall adopt such rules and regulations, not in conflict herewith, as are necessary to carry out the provisions and intent of this Section and, also, to prevent any duplication of retirement credit for any service.
The effect of the above amendment was to provide not only for the transfer of service credit, but also for the transfer of the contributions and other funds standing to the credit of the member, from the system from which the member is transferring to the system to which the transfer is to be made.
On November 17, 1976, while the 1975 amendment was still in effect, plaintiff obtained the following certificate:
TO WHOM IT MAY CONCERN:
This will certify that Captain D. J. Grap-hia, who is presently employed with the East Baton Rouge Parish Sheriff’s Office and a member of the Sheriffs Pension & Relief Fund, appeared in this office this date and presented his request that he be allowed to repay a refund received from the Louisiana State Police Retirement System to the Louisiana State Police Retirement System for two years, four months served with the Louisiana State Police and transfer his service to the Sheriffs Pension & Relief Fund. He wishes to exercise his right to do this under R.S. 42:697.2 prior to the effective date of Act 416 of 1976 on January 1, 1977. He stated that he is willing to purchase this time in our System by paying 6% of his present salary for each month purchased.
We have advised him that his request will be presented to the members of the Board of Trustees, Sheriffs Pension & *1319 Relief Fund, immediately; and he will be notified of their decision concerning this request as soon as possible.
Apparently, plaintiff never attempted to make any payment of the refund to the State Police Fund either before or after November 17, 1976.
The Sheriffs’ Fund refused the above request, apparently based on its opinion that the transfers contemplated by R.S. 42:697 were not mandatory, but could be accomplished only with the consent of the retirement systems involved.
In the meanwhile, the legislature adopted Act 416 of 1976, by which R.S. 42:697 was amended to read in part as follows:
A. A contributing member of any state, municipal, or parochial retirement system who has been a member of such system for at least three years, and who has membership service credit in any other state, municipal, or parochial retirement system of at least three years, shall have the option of combining all service for which he has credit in every such retirement system in order that eligibility for regular retirement, disability retirement, and survivor’s benefits, may be acquired, subject to the limitations of this Section.
B. To exercise such option, a member, within one year, shall make application to the system in which he is applying for membership. The application shall contain the name of all other retirement systems in which he claims membership service credit and any other necessary information. When the system receives the application it shall forward a copy thereof to each other retirement system in which the member claims credit. Each such application shall contain such information as is mutually agreed upon by the retirement systems involved. Each retirement system receiving the application shall certify to each other retirement system in which the member claims membership service credit the official membership service credit in that retirement system, including specific dates of such service.
C.Each of the retirement systems shall keep and retain complete, permanent records on each member, and also shall retain and maintain all contributions and liabilities for service performed by the member in that retirement system. By the same act, R.S. 42:697.2 was amended to read:
For purposes of R.S. 42:697, a member of any state, parochial, or municipal retirement system having credit for at least three years in any such system may repay a refund, plus five percent compounded interest thereon from date of refund until paid, to any other state, parochial, or municipal retirement system involving at least three years of credited service, in order to reestablish such credited service.
This suit, for a writ of mandamus, was filed on August 30, 1978, by plaintiff against the Sheriffs’ Fund and the State Police Fund, asking that the State Police Fund be ordered to accept plaintiff’s repayment of his refund, plus appropriate interest; that the State Police Fund be ordered to transfer such funds, plus other funds standing to his credit, to the Sheriffs’ Fund; and that the Sheriffs’ Fund be ordered to receive the said funds and to credit plaintiff with his years of service with the State Police.
After trial on the merits, judgment was rendered in favor of plaintiff as prayed for, and the Sheriffs’ Fund has appealed.
I think it apparent that, under the 1975 Act, plaintiff was entitled to the transfer of both service credit and funds. However, before the Sheriffs’ Fund could accept the transfer, plaintiff first had to reestablish his standing with the State Police Fund. This he failed to do. The record is devoid of any evidence that plaintiff ever tendered his repayment to that system or that the State Police Fund ever refused such a tender. Under those circumstances, there was no service credit or fund available for transfer on November 17, 1976, and the Sheriffs’ Fund did not act improperly in refusing plaintiff’s request of November 17, 1976. This suit, which was filed after the *1320 effective date of the 1976 Act, cannot breathe life into plaintiff’s invalid request for transfer.
I therefore concur.